UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-354-H

**CONNIE MARSHALL**                                                                                         **PLAINTIFF**

**v.**

**KEN HOWARD** *et al.*                                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Connie Marshall, filed this *pro se* civil action against Ken Howard, the Hardin County Attorney, and Irvin Maze, the Jefferson County Attorney. Because Plaintiff is proceeding *in forma pauperis*, the Court must review Plaintiff's case in accordance with 28 U.S.C. § 1915(e). Because the complaint fails to state any claim upon which relief may be granted, it will be dismissed with prejudice.

### I.

Plaintiff was allegedly a victim of a hate crime in 2004. As a result, Plaintiff filed assault charges against the alleged perpetrators. According to Plaintiff, the Jefferson County Attorney's Office was responsible for prosecuting the charges. Plaintiff had previously filed suit against Defendant Maze in federal court based on his alleged conduct in a matter unrelated to the assault charges.

Plaintiff states that the basis of this action arises from:

My concerns are that Doc O'Connor [an employee at the Jefferson County Attorney's Office] should not have been handling my case as he was involved in the case that was pending against the office of Irvin Maze. Also I was assaulted three times and I filed assault charges. The prosecutor makes the recommendation and I found out that the charges had been changed to harassment with no physical contact. I received a letter from the Office of Irvin Maze appointing Ken Howard as the Special Prosecutor. As there are three perpetrators in involved in the charges I have contacted Ken Howard to ask to meet with him and he has no interest in discussing the case with me, going over the evidence with me, contacting witnesses, upgrading

the charges to what I originally filed, or bringing the fact before the court that Irvin Maze's office should not have been handling my case.

Plaintiff alleges that the above-described conduct constitutes: "1) criminal conspiracy to cover up a hate crime; 2) official misconduct; 3) violations of the 1st and 14th amendment; 4) violations of state and federal laws; and 5) conflict of interest." As relief, she seeks to have Defendants incarcerated and/or terminated and $500,000.00 in damages.

## II.

Upon initial review, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, a court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.

**A.     Criminal Conspiracy Claims**

"Absent actions amounting to contempt of court, this Court cannot impose criminal penalties against the named defendants through the mechanism of a civil rights action." *Young v. Herald*, No. 04-cv-245, 2005 U.S. Dist. LEXIS 38002 (E.D. Ky. May 3, 2005). "Even if they

2

have occurred, violations of state and federal statutes do not provide for private causes of action; authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Id.* As such, the Court must dismiss this claim.

**B.      First and Fourteenth Amendment Claims**

The entire basis of Plaintiff's claim appears to be that Defendants did not properly investigate and prosecute her assault charges. However, "[i]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." *Smallwood v. McDonald*, 805 F.2d 1036 (6th Cir. 1986) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)); *Nelson v. Detroit Police Dep't*, 798 F.2d 470 (6th Cir. 1986). As further explained by the Sixth Circuit:

> [A] failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Here [the plaintiff] merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, 779 F.2d 49 (6th Cir. 1985).

Here too, Plaintiff's complaint is simply that Defendants did not properly investigate and prosecute her complaints. As such, it does not state any cognizable constitutional violation and the Court must dismiss it for failure to state a claim upon which relief can be granted. *See Marks v. City of Warren*, No. 98-74903, 1999 U.S. Dist. LEXIS 17990 (E.D. Mich. Oct. 29, 1999) ("The Plaintiff does not have a life, liberty, or property interest in having the Warren

Police Department write down her complaint against another citizen.").

**C.    Other Claims**

It is insufficient for Plaintiff to simply allege non-specific violations of state and federal law, "conflicts of interest," and "official misconduct" as causes of action. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted). And this Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Therefore, the Court will dismiss the remaining claims for failure to comply with Fed. R. Civ. P. 8(a).

Furthermore, the Court notes that:

> "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 128 (1976)). . . . The initiation of criminal charges and presentation of evidence to the grand jury for purposes of doing so falls squarely within this category. This is so even if, as Plaintiff alleges here, the motivation for doing so is malice or the decision is otherwise taken in bad faith. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (quoting *Joseph v. Patterson*, 795 F.2d 549, 554 (6th Cir.1986)).

*Moore v. Rogers*, No. 1:06CV-6-R2006, U.S. Dist. LEXIS 44542 (W.D. Ky. June 29, 2006).

Thus, based on the facts alleged by Plaintiff it does not appear that she has any cognizable claims for money damages against these Defendants.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendants
4412.008