UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-354-H

**CONNIE MARSHALL**                                                                              **PLAINTIFF**

v.

**KEN HOWARD** *et al.*                                                        **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff has filed a motion for recusal of this judge (DN 11) and a motion for reconsideration of the Court's order dismissing this action (DN 10). Each is addressed below.

**1.     Motion for Recusal (DN 11).** Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). Further, it is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). Plaintiff complains that recusal is required because this judge has ruled against other *pro se* litigants in the past. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiff also states that recusal is necessary because she has sued this judge and others in a separate putative class action. This is an insufficient reason for recusal. "The mere fact that [this judge] may be one of the numerous federal judges that [Plaintiff] has filed suit against is not sufficient to establish that [his] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005). The Court is convinced that there is no valid basis for recusal of this judge under either 28 U.S.C. §

144 or § 455, and therefore, Plaintiff's motion (DN 11) is **DENIED.**

      2.      **Motion for Reconsideration (DN 10).** The Federal Rules of Civil Procedure do not provide for motions for reconsideration; however, because Plaintiff's motion was filed within ten days of the Court's dismissal order, the Court will construe it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Motions to alter or amend under Fed. R. Civ. P. 59(e) are generally granted for four principal reasons: (1) if there is a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such motions are extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). Moreover, parties may not use Rule 59(e) to re-argue issues previously presented. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case.").

      The Court previously dismissed Plaintiff's complaint for failure to state a claim. In the present motion, she has merely submitted arguments previously considered and rejected by this Court. Accordingly, Plaintiff's motion to alter or amend (DN 10) is **DENIED**.

Date:

cc:      Plaintiff, *pro se*
           Defendants
4412.008